(51 Misc. Rep. 330.)

McCREA v. ROBINSON et al.

(Supreme Court, Special Term, New York County. August, 1906.)

1. JUDGMENT—ENTRY ON MOTION.

Code Civ. Proc. § 1021, provides that the decision of the court on the the trial of a demurrer, or where a nonsuit is granted, must direct the final or interlocutory judgment to be entered, and that where it directs an interlocutory judgment, with leave to the party in fault to plead anew or amend, it "may" also direct the final judgment to be entered if the party in fault fails to comply with any of the directions given or terms imposed. Section 1230 provides that where the decision upon a trial by

the court directs an interlocutory judgment and the party afterwards becomes entitled to a final judgment, application for the latter may be made as on motion. On appeal by certain defendants from the overruling of a demurrer to the complaint, the demurrer was sustained. The order of reversal contained no direction as to the final or interlocutory judgment to be entered thereon, but the interlocutory judgment entered by the clerk without application to the court followed the language of the order, adjudging that the judgment appealed from should be reversed and the demurrer sustained with leave to amend. *Held*, that the order in effect directed an interlocutory judgment, and hence such defendants were entitled on motion to an order directing final judgment dismissing the complaint as against them; it not being necessary that they should first move for an amendment of the interlocutory judgment, so as to direct the entry of final judgment.

Action by William G. McCrea against Thomas B. Robinson and others. Motion for an order directing judgment dismissing the complaint as against certain defendants. Motion granted.

Heppell & Taylor, for the motion.

Benjamin F. Gerding, opposed.

GIEGERICH, J. This motion is made by certain of the defendants for an order directing judgment dismissing the complaint as against them. They demurred to the complaint and such demurrer was overruled at Special Term, but sustained on appeal to the Appellate Division. The order of reversal that was entered contained no direction as to the final or interlocutory judgment to be entered thereon. The interlocutory judgment entered by the clerk, without application to the court, followed the language of the order of reversal, simply adjudging that the judgment so appealed from be reversed and that the demurrer be sustained, with leave to the plaintiff to amend the complaint within 20 days from service of said order on payment of the sum specified as taxed costs.

On behalf of the plaintiff it is urged that before the relief asked for in this motion can be granted the defendants should move for an amendment of the interlocutory judgment so as to direct the entry of final judgment no failure of the plaintiff to comply with the terms imposed. Upon such a motion, however, it might be objected with equal force that the interlocutory judgment must be preceded, under the provisions of section 1021 of the Code of Civil Procedure, by a decision directing the form of interlocutory judgment to be entered thereon. The section referred to is as follows:

"Section 1021. Decision of court or report of referee, upon trial of demurrer. The decision of the court, or the report of a referee, upon the trial of a demurrer, or upon the trial of the issues of fact or law, where a nonsuit is granted, must direct the final or interlocutory judgment to be entered thereupon, and in any such case it shall not be necessary for the court or referee to make any finding of fact. Where it directs an interlocutory judgment, with leave to the party in fault to plead anew or amend, or permitting the action to be divided into two or more actions and no other issue remains to be disposed of, it may also direct the final judgment to be entered if the party in fault fails to comply with any of the directions given or terms imposed."

The theory of the relation of an interlocutory judgment to a decision is manifest, and is that such interlocutory judgment must find its basis in the decision. It has come to be a somewhat common practice

upon the decision of a demurrer to enter an order, instead of a decision, properly speaking; that is, a decision containing formal conclusions of law, and such practice is recognized, although not approved of, by good authority (see Abbott's New Practice and Forms, vol. 2, p. 772). But, whether under the name of an order or decision, there must be some adjudication of the court preceding the interlocutory decree, and out of which every part of the interlocutory decree can be drawn; that is, every provision of the interlocutory decree must be authorized by the prior adjudication. In this case the Special Term erroneously overruled the demurrer. The Appellate Division reversed that decision and sustained the demurrer, and gave leave to the plaintiff to amend on terms. If that disposition of the matter had been made in the first instance by the Special Term, it would not have been obligatory under the provisions of the first portion of section 1021 at that time to have directed the form of final judgment, because a nonsuit was not granted. Such a disposition required an interlocutory judgment to be entered, and in effect directed it. That brings the case within the latter portion of section 1021, which provides that in such an event the decision may (not must, as in the earlier portion of the section) also direct the final judgment to be entered if the party in fault fails to comply with any of the directions given or terms imposed. No such direction for final judgment having ever been given, the practice of the defendants' attorney is proper in now moving for such direction. Code Civ. Proc. § 1230; Liegeois v. McCrackan, 22 Hun, 69.

Motion granted, with $10 costs.